UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH TAYLOR,

    Plaintiff,                                    Case No. 07-11867

v.                                            Honorable John Corbett O'Meara

ANDREW KOCHANOWSKI; SOMMERS,
SCHWARTZ, P.C.; JEFFREY A. PINE;
MICHAEL H. BANIAK; and BANIAK, PINE
& GANNON, P.C.,

    Defendants.
_____/

## OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND
## AND DENYING AS MOOT DEFENDANTS' REMAINING MOTIONS

This matter came before the court on plaintiff Keith Taylor's May 29, 2007 motion to remand; defendants Jeffrey A. Pine, Michael H. Baniak, and Baniak, Pine & Gannon, P.C's ("the Baniak defendants") June 26, 2007 motion to dismiss Count III; defendants Andrew Kochanowski and Sommers, Schwartz, P.C.'s ("the Kochanowski defendants") June 28, 2007 motion for summary judgment; and the Baniak defendants' July 18, 2007 motion for summary judgment. The motions were fully briefed; and oral argument was heard September 20, 2007. The Baniak defendants subsequently filed a supplemental brief September 25, 2007; and the Kochanowski defendants filed a supplemental brief October 19, 2007.

## BACKGROUND FACTS

Plaintiff Keith Taylor filed this legal malpractice action against Defendants in Wayne County Circuit Court on March 30, 2007. Defendants Andrew Kochanowski and his law firm Sommers

Schwartz, P.C., filed notice of removal on the basis that this court has original jurisdiction because Plaintiff's right to relief depends upon the resolution of a substantial questions of federal patent law.

Defendants had previously brought suit on behalf of Taylor against Daimler Chrysler and one of its suppliers, Reitter Schefenacker, alleging that the two companies had infringed on Taylor's patent, idea, and concepts regarding the manufacture and use of a rearview mirror housing assembly. As the litigation progressed, Defendants advised Taylor to dismiss Reitter from the suit without prejudice. In this suit, Plaintiff's alleges that Defendants committed legal malpractice by: 1) dismissing Reitter from the case without any basis to do so, 2) proceeding to inadequately represent Taylor in the remaining claim against Daimler Chrysler, 3) failing to advise Taylor of his right to reinstate his claim against Reitter prior to the expiration of the statute of limitations, and 4) failing to advise Taylor of the merits of his common law claims against Reitter. In his amended complaint, Plaintiff added common law causes of action against Defendants for breach of fiduciary duty and fraud. Plaintiff's motion to remand argues that this litigation involves legal malpractice only, despite the fact that the underlying litigation was a patent dispute.

## **LAW AND ANALYSIS**

> District court jurisdiction under 28 U.S.C. § 1338 [patents] extends 'only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'

Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C., 409 F. Supp. 2d 788, 792 (E.D. Mich. 2005) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988)).

In Adamasu, Judge Cohn gave short shrift to the defendant law firm's argument that because the subject of the underlying litigation involved a patent, the federal court should entertain the suit.

2

"The complaint alleges one cause of action, namely legal malpractice, which is a state-law tort claim." Id. The court went on to articulate the elements of a legal malpractice claim in Michigan.

> Contrary to what defendants argue, patent law is not a necessary element of Adamasu's claim against them. Rather, patent issues are merely incidental to his legal malpractice claim. Nothing on the face of Adamasu's complaint indicates that a court necessarily would be required to engage in claim construction or to determine if others are infringing his patent. Rather, at the heart of this case is Adamasu's claim that defendants were negligent by failing to perform as reasonably prudent attorneys.
>
> * * *
>
> Defendants attempt to invoke the Court's federal-question jurisdiction solely because the subject matter of their representation of Adamasu involved a United States patent. Simply because the defendants rendered advice on a matter governed by federal law and prosecuted a patent through a federal agency does not constitute an action that 'aris[es] under any Act of Congress relating to patents,' as 28 U.S.C. § 1338 requires.

Id.

In this case Defendants also argue that in this "case-within-a-case" lawsuit, the finder of fact will necessarily have to resolve substantial questions of federal patent law. "In the present case, patent law is a 'necessary element' of Plaintiff's claim against Defendants. In order to prove his 'case within a case,' the court will be required to engage in the same examination that Judge Cohn did during the underlying action. Under Markman, supra, this court must decide the breath [*sic*] of the particular patent claim terms at issue in Mr. Taylor's patent." Kochanowski defendants' resp. br. at 8.

Defendants correctly argue that in order to prevail in his legal malpractice claim, Plaintiff will have to prove that but for Defendants' negligence, he would have prevailed in his patent suit. However, in order to prove Defendants' negligence, Plaintiff will not be forced to relitigate the patent issues. Those were resolved in the underlying action. Judge Cohn, who was also the judge

3

in the underlying patent case here, presided over a Markman hearing and held as a matter of law that the patent was not infringed. After denying a motion for reconsideration on the issue, the matter was appealed to the United States Court of Appeals for the Federal Circuit, who affirmed Judge Cohn's decision. Therefore, there are no substantial questions of federal patent law at issue in this action. Instead, Plaintiff will have to prove the elements of a legal malpractice action, a state law cause of action. Construing the federal removal statute strictly and resolving doubts in favor of remand, courts have repeatedly held that removal is improper in legal malpractice claims when no federal question jurisdiction exists.

The court also notes that the supplemental briefing filed by Defendants is not persuasive in this case. The Baniak defendants submitted, without analysis, Broder v. Cablevision Sys. Corp., 418 F.3d 187 (2d Cir. 2005). A case from the United States Court of Appeals for the Second Circuit, it has no precedential value; moreover, it involves neither legal malpractice nor patent issues.

The Kochanowski defendants submitted both Immunocept, L.L.C. v. Fulbright & Jaworski, L.L.P., 504 F.3d 1281 (Fed. Cir. 2007), and the more relevant Air Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., 504 F.3d 1262 (Fed. Cir. 2007). The facts of Air Measurement, however, are distinguishable from this case. Importantly, the district court had denied the plaintiff's motion for remand shortly after the case was removed to federal court. Over three years later, one of the defendants moved to remand the case. It was the second motion to remand which is the subject of the cited opinion.

Furthermore, the United States Supreme Court relied upon the well-pleaded complaint rule to determine whether the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law. See Christianson, supra. In this case plaintiff Taylor's First Amended

4

Complaint alleges that Defendants committed legal malpractice by dismissing a party from the case, inadequately representing him in the claim against Daimler Chrysler, failing to advise him of his right to reinstate his claim against the dismissed party prior to the expiration of the statute of limitations, and failing to advise him of the merits of his common law claims against the dismissed party. These allegations are those of legal malpractice and do not require the finder of fact to engage in claim construction or to determine whether others infringed his patent. Because the fact finder would not be required to resolve substantial questions of federal patent law, the court will grant Plaintiff's motion for remand.

## ORDER

It is hereby **ORDERED** that Plaintiff's motion for remand is **GRANTED.**

It is further **ORDERED** that Baniak defendants' motion to dismiss Count III, the Kochanowski defendants' motion for summary judgment, and the Baniak defendants' motion for summary judgment are **DENIED AS MOOT.**

s/John Corbett O'Meara  
United States District Judge

Date: March 14, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 14, 2008, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager